UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DERRICK LEE CARDELLO-SMITH;
CARLI CARPENTER,

               Plaintiffs,[1]
                            **ORDER**
                            26-CV-02360 (NRM)(CHK)
          -against-

SEAN JOHN COMBS, *et al.*,

               Defendants.
---------------------------------------------------------x
NINA R. MORRISON, United States District Judge.

    *Pro se* Plaintiff Derrick Lee Cardello-Smith, currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed the instant action against Sean John Combs and others, asserting a claim for defamation. He seeks one billion dollars in damages. Because Plaintiff did not pay the filing fees when he filed the complaint, the Court understands that he is seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). However, since Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g), he must pay the $405.00 filing fee to proceed.

## DISCUSSION

    Section 28 U.S.C. § 1915(g) bars prisoners from proceeding *in forma pauperis* after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim. It provides:

---

[1] Since the complaint is signed only by Derrick Lee Cardello-Smith, the action will proceed with Cardello-Smith as the sole Plaintiff.

1

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) ("Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (per curiam) (upholding the constitutionality of § 1915(g)).

Plaintiff is subject to a "three-strikes" order that bars him from filing federal civil actions IFP while he is a prisoner unless he is under imminent threat of serious physical injury.  *See Cardello-Smith v. Combs*, No. 24-CV-12737, 2024 WL 4819571, at *1 (E.D. Mich. Nov. 18, 2024) (collecting cases).  A review of the Public Access to Court Electronic Records (PACER), a national database of cases filed in federal courts, reveals that Plaintiff has filed forty-five civil cases in multiple courts across the country.[2]  While incarcerated, Plaintiff has had three or more prior prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Smith v. Jones*, No. 22-CV-1082, 2023 WL 2071486, at *1 (W.D. Mich. Feb. 17, 2023); *Smith v. Google LLC*, 21-CV-11489, 2021 WL 3164282, at *2 (E.D. Mich. July 27, 2021); *Smith v. Penman*, No. 20-CV-12052, 2021 WL 634733, at  *5 (E.D. Mich. Feb. 18, 2021); *Smith v. Unis*, No. 19-CV-12219, 2019 WL 3958394, at *2 (E.D. Mich. Aug. 22, 2019); *Smith v. Hall*,

---

[2]  PACER Case Locator, https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=271b11cf87504bbc97b9ea8f76e41644 (last visited April 28, 2026).

No. 18-CV-277, 2018 WL 1602633, at *5 (W.D. Mich. Apr. 3, 2018); *Smith v. Lemaire*, No. 14-CV-644, 2015 WL 6133144 (W.D. Mich. Oct. 16, 2015).

Further, Plaintiff has been denied leave to proceed IFP under the three-strikes rule on several occasions. *See Cardello-Smith v. Combs*, No. 25-CV-12137, 2025 WL 2247537, at *1 (E.D. Mich. Aug. 6, 2025); *Cardello-Smith v. Combs*, No. 25-CV-09743 (LTS) (S.D.N.Y. Dec. 2, 2025), ECF No. 3; *Smith v. Washington*, No. 20-CV-1211, 2021 WL 302614, at *2–3 (W.D. Mich. Jan. 29, 2021); *Smith v. Writeaprisoner.com, Inc.*, No. 20-CV-1201, 2021 WL 210716, at *2 (W.D. Mich. Jan. 21, 2021). Plaintiff does not allege that he is under imminent danger of serious physical harm as is required by 1915(g).

## CONCLUSION

Accordingly, Plaintiff is denied permission to proceed IFP, and this case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert his claims, he must file a new action and pay the $405.00 filing fee.[3]

The Clerk of Court is respectfully directed to enter judgment in this case and mail a copy of this Order to Plaintiff, noting the mailing on the docket.

---

[3] If Plaintiff pays the filing fee, the complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner, even if the fees are paid, if the complaint "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See Gibson v. Various Members from the Off. of Mental Health*, No. 23-CV-3474 (LTS), 2023 WL 3614321, at *2 n.3 (S.D.N.Y. May 23, 2023).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/ *Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 28, 2026
      Brooklyn, New York